UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARY T. SEIDENFUSS,

        Plaintiff,

  -v-                                      5:15-CV-1210
                                              (DNH/DEP)

DIVERSIFIED ADJUSTMENT SERVICES, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                  OF COUNSEL:

Office of Clifford Forstadt                 Clifford Forstadt, Esq.
*Attorney for Plaintiff*
211 North Center Street
East Syracuse, NY 13057

Office of Arthur Sanders                   Arthur Sanders, Esq.
*Attorneys for Defendant*
30 South Main Street
New City, NY 10956

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

    In relation to the above captioned matter, plaintiff's attorney, Clifford Forstadt ("Attorney Forstadt"), entered a motion for attorney's fees on January 13, 2016, after securing a $1,200 judgment in favor of his client pursuant to the Fair Debt Collection Practice Act ("FDCPA"). Attorney Forstadt requested $13, 201 in attorney's fees.

1

Defendant Diversified Adjustment Service, Inc. ("Diversified") opposed the motion, arguing that Attorney Forstadt's hourly rate and total hours billed were excessive.

## II. BACKGROUND

This case began when the plaintiff named above filed for Chapter 7 bankruptcy on August 30, 2012. Creditors were sent notice of the proceeding on September 1, 2012. Plaintiff's debts were thereafter discharged and Verizon Wireless was amongst the notified creditors. However, on or about June 10 and October 24, 2014, defendant Diversified mailed plaintiff collection letters on behalf of Verizon Wireless. As a result, plaintiff retained Attorney Clifford Forstadt and ultimately received a favorable judgment of $1,200, plus costs and attorney fees, pursuant to the FDCPA.

Attorney Forstadt then moved for an award of attorney's fees pursuant to 15 U.S.C. 1692k(a). To this end, he averred that he was "admitted to practice before the Courts of New York State on September 11, 1974" and had more than forty-two years of experience in the practice of law. Forstadt Aff., ECF No. 14-1, ¶ 3. Moreover, he had ample experience representing numerous clients in FDCPA cases for more than twenty-five years. Id. ¶ 4. And when representing clients in federal matters before the Northern and Western District Courts of New York, he charged an hourly rate of $350. Id. ¶ 5.

For example, Attorney Forstadt stated that he was awarded attorney's fees by the United States Bankruptcy Court for the Northern District of New York in a recent case. Forstadt Mem. of Law, ECF No. 14-2, 7. Upon review of the case, it appears Attorney Forstadt declared in his affirmation that he had "devoted over 12.30 hours" to the case and his fees at any hourly rate of $350 amounted to $4,225. In re Holton, 10-32389-mcr, ECF No. 22, ¶ 14 (Bankr. N.D.N.Y. Oct. 28, 2011) (order granting attorney's fees in

2

FDCPA case). However, he only requested an award of $1,700 in attorney fees from the court and a settlement of $3,000. Id. ¶ 15. Ultimately, the court granted the $3,000 settlement as requested and Attorney Forstadt was awarded $1,500 in attorney's fees, together with $385 for expenses. In re Holton, 10-32389-5-mcr, ECF No. 26, at 2.

In the instant case, Attorney Forstadt submitted an affirmation, with billing history attached, in support of his request for attorney's fee. See ECF No. 14-1. Therein, he avers that he spent 36.30 hours working on the instant matter, which totaled $13,201 at an hourly rate of $350. Id. ¶ 8; Exhibit A, at 5-7.

### III. LEGAL STANDARD

After a plaintiff succeeds on a claim brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), he may also be entitled to an award for attorney's fee and other expenses. In relevant part, the FDCPA provides that a successful plaintiff is entitled to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). "In calculating attorney's fees, the district court must first determine the lodestar – the product of the reasonable hourly rate and the reasonable hours required by the case – which creates a presumptively reasonable fee." Sanczyk v. City of New York, 752 F.3d 273, 284 (2d Cir. 2014) (internal citation and quotation marks omitted).

#### A. Hourly Rate

First, a reasonable hourly rate for the attorney or legal professional must be determined. As recently as October 2015, courts in this District have upheld hourly rates between $250 and $300 for experienced partners. See Berkshire Bank v. Tedeschi, 2015 U.S. Dist. LEXIS 5349 (N.D.N.Y Jan. 16, 2015) (Kahn, J.) (finding $250 for a partner to be

a reasonable hourly rate); see, e.g., Jimico Enters., Inc. v. Lehigh Gas Corp., 2014 U.S. Dist. LEXIS 38930, at *6 (N.D.N.Y. Mar. 25, 2014) (Suddaby, J.) (awarding "$300 for partner-level work [and ] $180 for associate level work"); Deferio v. Bd. of Tr. of State Univ. of N.Y., 2014 U.S. Dist. LEXIS 9417, at *7 (N.D.N.Y. Jan. 27, 2014) (Suddaby, J.) (finding that $200 per hour was a reasonable rate for an attorney with five years of experience); Curves Int'l, Inc. v. Nash, 2013 U.S. Dist. LEXIS 104095, at *5 (N.D.N.Y. July 25, 2013) (Kahn, J) (finding $275 per hour for a partner and $200 per hour for an associate reasonable); Buckley v. Slocum Dickson Med. Grp., PLLC, 111 F. Supp. 3d 218, 225 (N.D.N.Y. 2015) (finding that $225 was a reasonable hourly rate for an experienced attorney); Broad. Music, Inc. v. DFK Entm't, LLC, 2012 U.S. Dist. LEXIS 35089, at *7 (N.D.N.Y. Mar. 15, 2012) (Sharpe, J.) (finding that $270 for partners and $165 for associates were reasonable hourly rates).

### B. Total Hours Bills

Once the Court determines the reasonable hourly rate, it must then conclude whether the number of hours expended were reasonable. "'[T]o determine whether time for which reimbursement is sought was reasonably spent, the court must evaluate the tasks and the time documented in counsel's contemporaneous time records in light of its general experience and its experience with the case.'" Liberty Mut. Ins. Co. v. Conmas, Inc., 2012 U.S. Dist. LEXIS 35813, at *3 (N.D.N.Y. Mar. 16, 2012) (D'Agostino, J.) (citations omitted). In reviewing a fee application, the Court should review the hours of counsel "with a view to the value of the work product of the specific expenditures to the client's case" and if it "concludes that any expenditure of time was unreasonable, it should exclude these hours" from the fee calculation. Luciano v. Olsten Corp., 109 F.3d 111, 116

(2d Cir. 1997); see also Hines v. City of Albany, 2015 U.S. App. LEXIS 9201, at *2 (2d Cir. June 3, 2015).

## IV. **DISCUSSION**

Attorney Forstadt contends that his requested fees are appropriate in light of his senior experience and standard for the local legal community. Defendant argues that the $13,201 fee in light of a $1,200 judgment is unreasonable and that both Attorney Forstadt's hourly rate and hours billed are unreasonable. For the foregoing reasons, Attorney Forstadt's requested fees are patently unreasonable and shall be reduced accordingly.

Courts in this District consistently deem $300 to be an reasonable hourly rate for an experienced partner. This number reflects the highest hourly rate awarded in this District. See Jimico Enters., Inc., 2014 U.S. Dist. LEXIS 38930, at *6. Because Attorney Forstadt has forty-two years of legal experience, along with more than twenty-five years representing clients in FDCPA matters, he certainly should be compensated at that level. Accordingly, a reasonable hourly rate for Attorney Forstadt is $300.

As for a reasonable number of hours, defendant raised a number of challenges to the hours billed by plaintiff's attorney. Specifically, (1) Attorney Forstadt's administrative work between October 8 and 29, 2015 for 2.1 hours; (2) receipt and analysis of defendant's answer for 3.5 hours; 4.7 hours to prepare and revise a civil case management plan; 11.2 hours to draft the fee application and supporting memorandum of law; and 3.5 hours for fees not yet incurred. See Def.'s Mem. of Law, ECF No. 16, 8-10. As Attorney Forstadt has been deemed an experienced attorney, the hours billed must be considered in light of whether the tasks were reasonably accomplished within the time

5

billed "for an attorney with 'extensive experience in FDCPA litigation.'" Van Echaute v. Law Office of Thomas Landis, 2011 U.S. Dist. LEXIS 34463 (N.D.N.Y. Mar. 31, 2011) (Mordue, J.) (quoting Shapiro v. Credit Protection Ass'n I, 53 F. Supp. 2d 626, 628 (S.D.N.Y. 1999).

First, the administrative work conducted by Attorney Forstadt between October 8 and October 29, 2015 will be stricken. Ryan v. Allied Interstate, Inc., 882 F. Supp. 2d 628, 636 (S.D.N.Y. 2012) (stating that "[p]laintiffs cannot recover for time spent by attorneys completing administrative tasks"). In light of Attorney Forstadt's twenty-five years experience with litigating FDCPA cases, his time to research, draft and revise the complaint is reduced to 2.0 hours. Likewise, the 4.7 hours to draft and revise the Civil Case Management Plan – a form document – is reduced to 1.0 hours. Similarly, the work completed on December 22, 2015, regarding the Offer of Judgment and reviewing defendant's answer is reduced from 4.6 hours to 1.5 hours.

Defendant has also objected to the length of time spent by Attorney Forstadt with regard to this application for attorney's fees. Defendant contends it was unreasonable for Attorney Forstadt to bill 11.2 hours for this application, when the total time spent on the case was 36.3 hours. On its face, it is unreasonable that a third of the total time Attorney Forstadt spent on this case was in preparation of his own fee application. It is likewise unreasonable that Attorney Forstadt including "anticipated" hours to review defendant's response to his application and to appear in court. The total hours spent on the attorney's fee application will be reduced to 2.0 hours and the "anticipated hours" shall be disallowed.

In sum, this will reduce Attorney Forstadt's total hours from 36.3 to 10.6 hours. At an hourly rate of $300, Attorney Forstadt is entitled to $3,180. And as "the Supreme Court held in <u>Hensley v. Eckerhart</u>, 'the most critical factor' in determining a reasonable fee is 'the degree of success obtained.'" <u>Van Echaute</u>, 2011 U.S. Dist. LEXIS 3443, at *14 (where plaintiff's counsel obtained a judgment of $2,500, a fee of $830 was "reasonable in relation to the success achieved) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 436 (1983). Together with costs of $496, Attorney Forstadt should be awarded $3,676.

## V. <u>CONCLUSION</u>

Attorney Forstadt's attorney's fees will be reduced in light of the foregoing.

Therefore it is

ORDERED that

1. Plaintiff's motion for attorney's fees (ECF No. 14) is **GRANTED** in part and **DENIED** in part; and

2. Defendant remit payment to Clifford Forstadt, Esq. in the sum of $3,676, for payment in full of his legal services rendered and costs paid.

The Clerk of the Court is directed to enter judgment accordingly and close the file.

_____
United States District Judge

Dated: March 15, 2016
    Utica, New York

7